## B. HIRSCH v. THE STATE.

SWINDLING—INDICTMENT.—In an indictment for swindling by false pre-
tenses it must be charged that the accused knew the pretenses to be false,
and the omission of that allegation is good cause in arrest of judgment
after verdict of guilty.

APPEAL from the District Court of Bexar. Tried below
before the Hon. GEORGE H. NOONAN.

There is no occasion for a statement of the facts.

*Simpson & James*, for the appellant.

*H. H. Boone*, Attorney General, for the State.

WHITE, J. Appellant was indicted for swindling in obtain-
ing money and goods under false pretenses. He was found
guilty, and his punishment assessed at three years in the
penitentiary. One of the grounds for his motion in arrest
of judgment, and one of the errors complained of in his
assignment, is '' that the indictment does not allege that
the defendant knew the representations or pretenses to be
false.''

'' An indictment for swindling must aver that the defend-

ant knew the pretenses to be false." *Marada & Ortise* v. *The State,* decided by the supreme court at the Galveston term, January, 1876; *Taylor Warrington* v. *The State,* decided by this court at the Austin term, 1876, *ante* p. 168.

The indictment being fatally defective in this regard, the judgment of the lower court is reversed and the case dismissed.

*Reversed and dismissed.*